UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 15-61830-CIV-MORENO**

MARY A. TUCKER,

      Appellant,

vs.

JP MORGAN CHASE BANK N.A.,

      Appellee.
_____/

## ORDER GRANTING APPELLEE'S MOTION TO DISMISS

This case is a bankruptcy appeal. *Pro se* Appellant Mary Tucker appeals an order by the United States Bankruptcy Court, Southern District of Florida, granting relief from the automatic stay to Appellee JPMorgan Chase Bank N.A. to pursue a state foreclosure action against Tucker. While this appeal was pending in the Eleventh Circuit, the underlying bankruptcy case was dismissed for Tucker's failure to make her confirmed bankruptcy plan payments.

This cause comes before the Court upon Chase's motion to dismiss. Chase argues that this appeal should now be dismissed as moot because there is no live case or controversy and this Court cannot provide meaningful relief. Tucker argues that the appeal is not moot because: (1) she seeks relief other than reinstatement of the stay; (2) she *could* reinstate her dismissed case; or (3) the appeal is excepted from the mootness doctrine. This Court agrees with Chase.

### I.    BACKGROUND

Tucker initiated the underlying Chapter 13 bankruptcy case in January 2014. Prior to the bankruptcy case, Chase had filed a foreclosure action against Tucker in state court. In July 2015, the bankruptcy court granted Chase's motion to lift the stay to seek relief in the state foreclosure

-2-

action. Tucker moved the bankruptcy court to vacate the order, but her motion was denied. In August 2015, Tucker appealed the bankruptcy court's order to this Court.

In December 2015, this Court dismissed the appeal for Tucker's failure to comply with the briefing schedule. Tucker appealed the dismissal to the Eleventh Circuit. On December 12, 2016, the Eleventh Circuit vacated this Court's dismissal of Tucker's appeal and remanded. However, while the appeal was pending in the Eleventh Circuit, on December 1, 2016, the bankruptcy court entered an order dismissing the underlying bankruptcy case for Tucker's failure to make her confirmed bankruptcy payments. Tucker did not appeal this dismissal nor seek a stay pending this appeal.

## II.   ANALYSIS

Tucker's appeal is now moot. The test for mootness in bankruptcy appeals is whether the court can grant effective relief if the appellant prevails. *See In re Seidler*, 44 F.3d 945, 947 (11th Cir. 1995). The automatic stay imposed by the Bankruptcy Code expires upon dismissal of the case. *See* 11 U.S.C. § 362(c)(2)(B). Thus, under the Eleventh Circuit's standard for determining mootness, Tucker's request for relief is futile. The remedy Tucker seeks on appeal includes reversing Chase's relief from the automatic stay during bankruptcy. However, even if Tucker succeeds in convincing this Court that the bankruptcy court abused its discretion in entering its order, this Court cannot reinstate a stay in a case that has been dismissed. Accordingly, Tucker's appeal is moot. *See In re Gdowik*, 228 B.R. 481, 482-83 (S.D. Fla. 1997) (appeal of bankruptcy order granting relief from automatic stay dismissed as moot by virtue of dismissal of underlying Chapter 13 case); *In re Fleming*, No. 8:00-CV-2209-T-30tgw, 2001 U.S. Dist. LEXIS 1227, at *1-2 (M.D. Fla. Jan. 9, 2001) (dismissing bankruptcy appeal as moot where underlying case was dismissed because "[t]here is no live case or controversy and [the court] can afford [appellant] no meaningful relief.").

-3-

Tucker argues that her appeal is not moot because she purportedly seeks relief other than reinstatement of the automatic stay—she asserts that this appeal challenges Chase's standing as a secured creditor. However, Tucker's notice of appeal expressly states that Tucker appeals the bankruptcy court's orders granting Chase's relief from the automatic stay and denying Tucker's motion to vacate. If Tucker were to succeed with this appeal, the result would be to set aside the bankruptcy court's order granting Chase relief from the stay. But, because there is no underlying bankruptcy case in which to impose a stay, such relief would be futile.

Alternatively, Tucker argues that this appeal is excepted from the mootness doctrine because the action being challenged is capable of being repeated and evading review. But, "[t]he narrow capable-of-repetition exception only applies in exceptional situations, where (1) the challenged action is too short in duration to be fully litigated prior to cessation or termination, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Dow Jones & Co., Inc. v. Kaye*, 256 F.3d 1251, 1256 (11th Cir. 2001) (internal citations and quotations omitted). Neither situation exists here. Although Tucker argues that she could reopen the underlying bankruptcy case, when considering jurisdiction for mootness, courts look at the events at the present time. *See id.* at 1254. Thus, the mere possibility of reopening the underlying bankruptcy case does not overcome present mootness.

Because of the dismissal of the underlying bankruptcy case, there is no longer a live case or controversy and this Court cannot afford Tucker any meaningful relief on appeal. Accordingly, this Court **GRANTS** Chase's motion to dismiss the appeal as moot.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Chase's Motion to Dismiss is **GRANTED**. The Clerk of Court shall mark this case as CLOSED and DENY all pending motions as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th of March 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Mary A. Tucker, *pro se*
6699 Racquet Club Drive
Lauderhill, FL 33319